JOHN H. ECHOLS et al. vs. NEW ORLEANS, JACKSON & GREAT NORTHERN RAILROAD COMPANY.

1. CONTRACT:    *Construction thereof by a court.*
A contract entered into to furnish articles or supplies, at a specified price and without limit as to duration, will not be construed as a perpetual contract, and will not be enforced as imposing a never ending-burden. It must be construed as terminable at the pleasure of either party, or as implying that the thing to be done shall be performed within a reasonable time, and the obligation will cease within the same limitation. What is a reasonable period in such cases is a question of law for the court, to be considered with reference to the facts as affording the basis of its rulings in each particular case, and not a question of fact for the jury.

2. SAME:    SAME:    *Case in judgment.*
E. entered into a contract with the N. O., J. & G. N. R. R. Co. to furnish cordwood at a specified price, the wood to be of a certain description and quality. There was no limit as to the duration of the contract, save as herein indicated, viz., "to commence on or before May 1, 1870, and continue as long as satisfaction be given by the contractors," and "that the company shall retain in its possession as security for the performance of the contract, out of the price of the wood, the amount of 25 cents per cord, until the whole year's supply shall have been delivered." *Held,* that the contract is not perpetual, and that, in view of all the circumstances and the nature of the contract, it is just and reasonable to terminate it at the expiration of one year.

ERROR to the Circuit Court of *Hinds* County.
Hon. GEORGE F. BROWN, Judge.

The facts in this case necessary to a full understanding of the principles announced are stated in the opinion of the court.

The errors assigned are substantially as follows :

1. The court erred in overruling demurrer to pleas.

2. In excluding testimony offered by plaintiffs.

3. In deciding that said contract was terminable at the end of one year.

4. In excluding parts of Jones' deposition.

*Johnston & Johnston* and *T. J. & F. A. R. Wharton*, for plaintiffs in error :

As conceded, this case turns on the construction of the written contract filed.   The damages assessed would be about right under the ruling of the court, but if our construction is right we are entitled to a much larger amount.   The plain words of the contract exclude the idea that *one year* is the limit of the contract.

We insist that when the delivery of the wood commenced it should go on as long as plaintiffs continued to give satisfaction by complying with the terms of the contract.   This view is fortified by the extensive preparations made by plaintiffs in error to establish a permanent wood-yard, and in the purchase of over 200 acres of land, and, though it is insisted that it was a contract for one year, the railroad company abruptly terminated it long before the expiration of that time.   Although this contract is not as clear and distinct as it might have been made, yet it is quite capable of construction on its face, and presents no *ambiguities* for explanation *dehors* the writing.   Even if it did so require, the evidence in the record fully explains the instrument.

It is not a case like that of Glident *v.* Howell, 1 How., 198, or McGown *v.* Storey, 42 Miss., 724, where it was held that the writing was so uncertain on its face that it could have no operation without resort to parol testimony. Where the writing is plain and certain on its face, but a doubt arises when it comes to be applied to the subject-matter,   *   *

resort may be had to parol testimony to show the intent. 1 S. & M., 494. See, also, 40 Miss., 483; 42, ib., 725; 29 ib., 146; 28 ib., 118, 398; 34 ib., 173; 35 ib., 457.

*Harris & George*, for defendants in error:

Courts refuse to deal with contracts which impose no definite obligations, for, whether called on to enforce contracts or to award compensation for the breach of them, it is equally necessary to know the precise obligation which the contract imposes. The court proceeds upon the idea that the parties intended to make an effectual and binding contract, and cautious rules are adopted for their construction. Where a contract is in writing no parol evidence can be admitted to show that an unlimited time for payment or performance was agreed on. 2 Chit.(11th Am. ed.), 1062; Adams *v.* Adams, 26 Ala., 272; Crasher *v.* Franklin Manufacturing Co., 3 Sumn., 530; Atwood *v.* Peck, 227. It is a question of law for the court. Atwood *v.* Clark, 2 Greenl., 249; Hill *v.* Hobart, 16 Me., 164; How *v.* Huntingdon, 15 ib., 350; 14 ib., 57; L. R., 4 Q. B., 127–133.

Where the duration of the contract is indefinite as to time it may terminate at the option of either party, for in contracts of this class, the conditions being *severable*, it may be held to be completed so far as it has been performed on either side. Knowland *v.* Blewett, Law Rep., 9 Exch., 1; Dodson *v.* Collins, 37 Eng. C. L. R., 499; 14 ib., 249, 251; 7 B. & C., 555; ib., 557; Palmer *v.* Vanderburg, 3 Wend., 193; McLees *v.* Hale & Brown, 10 ib., 426; Knowlton *v.* Newell, 10 Allen, 34; Butler *v.* Smith, 35 Miss., 451; Kirkland *v.* Carr, ib., 584. For cases illustrating the kind of ambiguity which justifies the introduction of parol evidence, and cases in which particular expressions are allowed to be explained by reference to actual facts and terms, or terms having local meaning, or by custom, see 1 Greenl. on Ev., p. 325, § 288; McDonald *v.* Langston, 1 El. & El.; 102 Eng. C. L. R., 977, *a.;* Kimball *v.* Branner, 47 Mo., 156; Groot *v.* Story, 44

Vt., 200 ; Eaton v. Smith, 20 Pick., 156 ; Davy v. Morgan, 56
Barb., 518, 526 ; Cotton Press v. Stannard, 44 Mo., 71 ; 18
ib., 511.

CHALMERS, J., delivered the opinion of the court.

The plaintiffs had verdict and judgment in the court below
for $1,600. Conceiving themselves entitled to a larger sum,
they have appealed to this court. It is conceded that the
verdict was ample if the construction given by the court below
to the written agreement between the parties, upon which the
suit was brought, was correct, so that the sole question for
decision here is as to the construction of said agreement.

It was substantially a contract by which defendants, through
their proper officers, obligated themselves to receive from
plaintiffs cord-wood of a certain specified quality and descrip-
tion, at a particular place and at a specified price.

There was no limit as to the duration of the contract save
as herein indicated, as follows :   *   *   *   " to commence on
or before May 1, 1870, and continue as long as satisfaction
be given by the contractors." Then, after the stipulations
as to what price is to be paid by the corporation for
the wood, it is provided that " the company shall retain in
its possession as security for the performance of the con-
tract, out of the price of the wood, the amount of 25 cents
per cord, until the whole year's supply shall have been
delivered."

The court instructed the jury that under this contract the
railroad company had the right to terminate the same without
default on the part of the contractors, and without liability to
damage to themselves, at the end of one year from the com-
mencement thereof, and that, the corporation having assumed
to terminate it before the expiration of that period, the meas-
ure of damages must be calculated as if upon a wrongful
breach of an annual contract. This instruction plaintiffs insist
is erroneous. Their theory is that the contract is perpetual

and " without end of time," or that at least it must continue for such period as is reasonable, in view of all the circumstances of the case, and for a sufficient length of time to reimburse them for all the expenses which they were induced to incur in view of it.

With regard to the theory of perpetual duration little need be said. Perpetual contracts of this character will not be tolerated by the law, or rather, will not be enforced as imposing an eternal and never-ending burden. An agreement to furnish a support or service, or a particular commodity, at a specified price, or to do a certain thing without specification as to time, will be construed either as terminable at pleasure, or as implying that the thing to be done shall be performed within a reasonable time, and the obligation will cease within the same limitation. Any other theory than this would subject incautious persons—a class, it may be remarked, which includes the majority of mankind—into life-long servitudes, and greatly fetter and embarrass the commerce of the world. Indeed, it may be said that any other theory is a moral and practical impossibility, and, if indulged in by the courts, could not be enforced in the ordinary concerns of life. 2 Chit. on Con. (11th Am. ed.), 1062; Cocker v. Franklin Manufacturing Co., 3 Sumn., 530; Atwood v. Cobb, 16 Pick., 227; Palmer v. Vanderberg, 3 Wend., 193; McLees v. Hale, 10 ib., 426; Knowlton v. Newell, 10 Allen, 34; Butler v. Smith, 35 Miss., 451; Kirkland v. Carr, 35 ib., 584; Story on Con., § 21.

When the language of the contract does not indicate any period of termination whatever, it will be held to be terminable either at the pleasure of either party or at such period as the court may decree reasonable.

What is a reasonable period in such cases is said, by many authorities above cited, to be a question of law for the court, and not a question of fact for the jury, though the court will consider the facts as affording the basis of its ruling in the particular case. Atwood v. Clarke, 2 Greenl., 249; Hill v.

Hobart, 16 Me., 164; How v. Huntingdon, 15 ib., 57; Jones v. Gibbons, 8 Exch., 920.

The contract in this case, then, was either terminable at pleasure or at the end of a period deemed reasonable by the court, in view of the nature of the contract itself. If terminable at pleasure, there is of course an end of the case, inasmuch as the corporation does not except to the construction which held it bound for twelve months, and has not appealed from the verdict rendered against it on that basis.

Has any injustice been done plaintiffs in declaring one year to be a reasonable time in this case? Is there anything in a contract to deliver cord-wood which involves any such extraordinary outlay of time, or capital, or skill, that a longer period than twelve months is required to reimburse the contractor? Does it require a series of years to build up the business, or the education and training of skilled labor to carry it on, or the investment of a large capital in a species of property which is useless when the enterprise is abandoned? It is a kind of business exceedingly common in the country. Conducted on a small scale, and for the purpose of supplying private wants, it requires the employment of a few woodchoppers and teamsters, with axes and wagons and animals. On a large scale, and for the supplying of locomotive and stationary engines, it requires machinery neither unusual nor extravagantly expensive. It is said in this case, however, that plaintiffs had been induced by the contract to buy 200 acres of wooded land, and incur very heavy expenses in getting ready for a business that promised to last for a lifetime, on a very large scale. They offered to prove that in the purchase of the land, and other preparations, they had expended more than $10,000. Having voluntarily entered into a contract which, as we have seen, is either terminable at pleasure or within a period to be established as reasonable by the law, they cannot complain if their own misconstruction of it has induced them to make outlays not demanded by the

nature of the agreement itself.   It is not pretended that the
railroad company induced them to make these large expendi-
tures, except in so far as the terms of the contract may have
had that effect.   Certainly they were not absolutely necessary
to the carrying out of a contract to furnish wood in the quan-
tities anticipated, for a reasonable period.

But was the period of twelve months, adopted by the court,
a reasonable period, all things considered?

We cannot accept the view urged by counsel for appellee,
that the provision of the contract herein above quoted which
provides that the railroad company should retain during the
year 25 cents per cord on all the wood furnished for the whole
year's supply, was intended to indicate that by these terms
the contract was annual in its character, and renewable from
year to year at the option of the parties.

We think it was simply intended for that which indeed it pur-
ports to be, viz., a " security for the performance of the con-
tract " by the contractors.   It does indicate, however, that
there was to be a full and complete settlement between the
parties at the end of each year; and is thereby valuable in
enabling us to arrive at a conclusion as to what constituted
a reasonable period, at the end of which the agreement might
be terminated without a breach of contract.

The reasonableness of the period established by the court
is strengthened by the fact that this corporation, as is gener-
ally and legally known, undergoes, according to the terms of
its charter, a complete change of officers and directors at the
end of each year, and its whole government is therefore annual
in its character.   It seems reasonable, consequently, to hold
that where private persons make contracts with it wholly
indefinite in their duration, and terminable by law either at the
option of the parties or by the expiration of such time as the
courts may deem proper, we may properly regard this annual
change in the government of the corporation as affording a
*data* in establishing that period.

In view of all the circumstances of the case, and the nature of the contract, we think that the limitation of twelve months placed on the contract was reasonable.

Affirmed.

CAMPBELL, J., having been consulted in this case, takes no part in its decision.