## B. B. Sturgeon v. City of Paris.

### Decided December 2, 1909.

**1.—City—Water Works—Obligation to Furnish Water.**

A city owning public water works, but forbidden by its charter to furnish water to any but its inhabitants, is without either duty or power to furnish water to one residing outside its corporate limits for use on his premises beyond same, though a portion of his land extends within the city boundary and the connection with the city mains sought to be enforced by him lies within such limits. City of Paris v. Sturgeon, 50 Texas Civ. App., 519, reaffirmed.

**2.—Same—Charter—Discrimination—Constitutional Law.**

A provision of a city charter which, while forbidding the city as proprietor of its water works from furnishing water to others than residents of the city, excepted manufacturing plants from this restriction, was not violative of art. 3, sec. 52, of the Constitution forbidding cities to grant anything of value to a corporation. Furnishing water for compensation was not such a grant as was there forbidden. And if it were held to be so, the exception only, and not the restriction on the general powers of the city, would be made void.

**3.—Contract Terminable at Will.**

The act of a city in connecting its water mains with the premises of a user of city water on his written application by which he agreed only to be bound by existing and future regulations for the management of the service, there being no promise either to furnish or to take and pay for the water for any definite period, was terminable at the will of either party. No action lay to compel the city to restore the connection which it had discontinued, where the consumer was one to whom, under the then existing charter, the city was neither bound nor permitted to furnish water.

#### ON REHEARING.

**4.—City—Water Works—Mandatory Injunction.**

Plaintiff residing outside the city but having a small portion of his land within the city limits, the city being authorized to furnish water only to its inhabitants, could not maintain his action for a mandatory injunction requiring the city to connect its water mains with his pipes, for the purpose of furnishing water for use on his premises generally, by reason of the fact that the small strip within the limits contained plants and shrubbery needing water. To obtain such remedy as to the part within the city he must allege and prove that such use for watering flowers, shrubs, and trees was proper under the city regulations. The court could not assume that it was in the absence of such showing.

Appeal from the District Court of Lamar County. Tried below before Hon. Ben H. Denton.

For rulings on former appeal, see City of Paris v. Sturgeon, 50 Texas Civ. App., 519.

*J. G. Dudley,* for appellant.—City bound by its contract under former charter. City of Paris v. Sturgeon, 50 Texas Civ. App., 519; San Antonio v. Lewis, 9 Texas, 70; Rogers v. City of Wicliff, 94 S.

W., 24; Dyer v. City of Newport, 94 S. W., 25; City of Henderson v. Young, 83 S. W., 583; Railway Co. v. Brownsville, 45 Texas, 39-96; City of Burlington v. Street Ry. Co., 49 Iowa, 144; City of Cleburne v. Water Co., 14 Texas Civ. App., 229; Galveston v. Loonie, 54 Texas, 525; Indianola v. Railway Co., 56 Texas, 601; Mayor of Houston v. Railway Co., 84 Texas, 590-95; City of Cleburne v. Water Co., 13 Texas Civ. App., 191; 28 Cyc., 950, title Water Supply, and authorities cited in notes 32 and 33.

The city, in furnishing water, is exercising not governmental but business powers. Art. 3, sec. 52, Constitution of Texas; The Century Dictionary, vol. 8, "Utility;" Rogers v. City of Wicliff, supra; City of Henderson v. Young, supra; Dyer v. City of Newport, supra.

*Edgar Wright,* for appellee.—The contract was at will, and could be rescinded by either party. McCready v. Virginia, 94 U. S., 391; City of Paris v. Sturgeon, 110 S. W., 459; Wood v. Victoria, 18 Texas Civ. App., 573; Bradshaw v. Terrell Foundry & Machine Co., 104 S. W., 509; Coffee Co. v. Guenther, 80 S. W., 1170; East Line R. R. v. Scott, 72 Texas, 70; Texas Midland R. R. Co. v. Morris, 29 Texas Civ. App., 491; City of Marshall v. Allen, 115 S. W., 849; Art. 1, sec. 17 of the Constitution; Storrie v. Houston City St. Ry. Co., 46 S. W., 796, 92 Texas, 129; San Antonio Traction Co. v. Altgelt, 81 S. W., 106, 200 U. S., 304; Sioux City St. Ry. v. Sioux City, 138 U. S., 98.

The sale of water to manufacturing companies was not prohibited by the Constitution, and if it was, only the exception was made void. Cincinnati v. Dexter, 55 Ohio State, 93; Cooley on Const. Lim. (6th ed.), 209, 220, 211; Cooley on Const. Lim. (6th ed.), 196 and 197; Queen Ins. Co. v. State, 86 Texas, 250.

LEVY, ASSOCIATE JUSTICE.—Appellant sought to compel appellee, by mandatory injunction, to restore the pipes and the connection with its water-main and to furnish him water therefrom for use on his premises within the corporate limits of the city. The trial was to the court without a jury, and a judgment was entered against appellant denying the injunction. By his petition the appellant claims that in September, 1908, the City of Paris, a municipal corporation duly incorporated and acting as such by authority of special Act of the Legislature of 1905, and incorporated and acting as such prior thereto by authority of special Act of the Legislature of 1889, and specially authorized by each of the special Acts to provide, own and maintain a system of public waterworks, which it did, illegally and wrongfully disconnected and discontinued its water with his premises situated in the city limits, which was previously connected by appellee to appellant's premises, and which was used by appellant on his premises and for use of himself and family, and refused to let him have any water at all from its main. By proper allegations appellant claims the right, and as entitled to the use of the city water, and to compel the city to grant the use of the water to him, upon (1) a legal and binding contract with the city to sell and furnish him water on his premises so long as he desired to use the water and paid for the same, made on October 12, 1904, he having at all times fully complied with the con-

tract, the city having power to make the contract under its charter of 1889 then in force; (2) independent of contract, as a citizen and resident of the city owning premises within the corporate limits and residing thereupon with his family; (3) as an owner of property within the corporate limits to the extent of the property within the corporate limits, whether he was an inhabitant of the city or not. Appellee, in answer, at length denied any contract with appellant to furnish him water so long as he desired and paid for same, but claimed that, if the agreement it made with appellant, which was set out and relied on by him, was a contract, it was only a contract at will, and could be rescinded by either party at any time, and that it was rescinded by appellee after due notice to appellant prior to the time the premises were disconnected; that the charter provision of the city of 1889 restricted the use of the waterworks to "inhabitants" of the city, and that appellant was never an inhabitant of the city, and that his premises and his residence thereon were adjoining and outside the corporate limits of the city, except five feet east of his west boundary line, which was within the corporate limits; and that section 252 of the charter of 1905, set out, specially denied the city the right or power to sell the use of the water to any person living beyond the limits of the corporation.

The findings of fact by the court appear in the record, and the same are supported by the testimony, and we here adopt the same. The findings substantially show that appellant is not and never has been a citizen, resident or inhabitant of the City of Paris, but lives beyond its limits, and owns, and has continuously before and since October 12, 1904, resided with his family upon and occupied as a homestead a tract of land of about three acres in the G. W. Cox headright in Lamar County, which tract lies east of and adjoins the City of Paris. The tract fronts south on Lamar and west on Pacific avenues, and has improvements on it consisting of a dwelling, barn, horse lot, chicken lot, flowers, trees and shrubbery. That a strip of the premises five feet in width, fronting south on Lamar and extending north 500 feet with the east boundary line of Pacific avenue, is within the corporate limits of the City of Paris, and that the east boundary line of the corporate limits is five feet east of the west boundary line of appellant's premises; that this strip includes a portion of appellant's yard and chicken lot, and has on it a few shrubs and trees, but there is no house, dwelling or other structure on it, and this strip is the only portion of his premises within the corporate limits, and that the extreme west edge of his house is twenty-seven feet east of the east boundary line of the corporate limits of the city, and that no part of the house is within the corporate limits. The City of Paris is a municipal corporation situated in Lamar County, Texas, and incorporated by special Act of the Twenty-ninth Legislature, which contains, among other things, section 252, which provides: "The city council shall not have the right or power to grant, extend or sell the use, enjoyment or benefit of any public utilities established, owned or operated by the City of Paris to any person living beyond the limits of the corporation of the City of Paris, provided that manufacturing plants are not included in the provisions of this section." That on the 12th of October, 1904,

the City of Paris was a municipal corporation duly incorporated by virtue of Special Act of the Legislature of 1889, and that among other things section 24 of said Act provides: "Also the city council may provide, own and maintain waterworks for the use of the city and inhabitants;" that on the 12th of October, 1904, the City of Paris owned, maintained and operated a system of waterworks, and still owns, maintains and operates the same. On the 12th of October, 1904, appellant made in writing an application to the City of Paris, upon its regular blank form for such purposes, for the introduction of water into his premises, agreeing in the application to be governed by all existing rules and regulations, or any that may be established from time to time for the management of the same. This application was approved by the superintendent of appellee, who had full power to make and annul contracts for the supply of water, on October 21, 1904, and service connection made by appellee on the portion of appellant's premises within the corporate limits; and this was the only agreement appellee had with appellant. Appellant, at his own cost, caused pipes to be laid on his premises, and connected his house, yard and lot with service, and placed fixtures in his house, bath-room and kitchen, and has been using city water, and paying therefor the usual rental, continuously since the connection was made until September 20, 1908, when appellee, after notice to appellant, disconnected same.

*After stating the case.*—It is the contention of appellant by his first assignment of error, that to the extent of the premises owned by him as situated within the corporate limits of the City of Paris he is entitled, as a matter of right, to the use of the city water upon paying for it, as he did, and upon complying with all reasonable regulations, which he did, whether he be an inhabitant of the City of Paris or not.

In view of the finding of fact by the trial court, and which is not complained of, and which finding we think fully supported by the evidence, that appellant is not and has never been a citizen, resident or inhabitant of the City of Paris, but now lives beyond and outside of its corporate limits with his family, and has continuously lived and resided outside of the corporate limits of the city since October 12, 1904, we are of the opinion that the assignment should be overruled. Appellant concedes the established rule of law to be that a municipal corporation is restricted and limited to the power and authority capable of being legally exercised under its charter, and can not legally exercise power which is expressly denied. It is expressly provided by section 252 of the city charter of 1905 that "The city council shall not have the right or power to grant, extend or sell the use, enjoyment and benefit of any public utilities established, owned or operated by the City of Paris to any person living beyond the limits of the corporation of the City of Paris." It is evident from this provision of the charter that the proper exercise of the power of the city to extend and grant the benefit and use of its water service to an individual is not dependent upon the proof of the fact that the individual owns property situated within the corporate limits of the city, but upon the proof of the fact that the individual seeking the water service is himself an inhabitant of or lives within the city limits. Hence, by the

terms of the charter the individual seeking water service, in order to establish a legal right to compel the city to furnish and sell, for his use, water on premises within the corporate limits, must prove that he is an inhabitant of or lives within the corporate limits. The ownership of land within the city limits, where the owner at the time is a non-inhabitant and does not live within the city limits, does not establish the right or privilege of the individual to, nor the power of the city to grant the use of, water and water service; indeed, the provision of the charter expressly denies any power or authority to the city or its authorities to grant or extend the use of its water and water service for any purpose to a person living beyond the city limits, and in legal consequence has the force and effect to deny any right to the individual living beyond the corporate limits. The right of the water service to the individual is thus by the charter a privilege of special citizenship, or inhabitancy, or living within the city limits. It clearly follows in this case, we think, that appellant could not predicate any legal right to compel the city by mandatory injunction to furnish and sell the use to him of water from its waterworks upon the ground alone of being the owner of the specific property within the corporate limits, he at the time not living within the corporate limits of the city. City of Paris v. Sturgeon, on former appeal, 50 Texas Civ. App., 519, 110 S. W., 459.

But appellant contends in the second assignment of error that section 252 of the charter of 1905 is contrary to section 52, article 3, of the Constitution of Texas, because it discriminates in aid of manufacturing corporations. The section of the charter has the following proviso: "Provided that manufacturing plants are not included in the provisions of this section." We are of the opinion that conferring the right and authority to the city to sell its water and water service to a manufacturing plant located beyond its boundaries is not a grant of a thing of value to such corporation as inhibited by the Constitution. Even if it should be held, which we do not so think, that the portion of the section excepting manufacturing plants is prohibited by the Constitution, the portion of the section which remains, and which is applicable to appellant, is complete in itself, and capable of being executed in accordance with the legislative intent, and must be sustained. Cooley on Const. Lim. (3d ed.), secs. 177-8; Queen Ins. Co. v. State, 86 Texas, 250, 24 S. W., 397, 22 L. R. A., 483.

The appellant by his third assignment contends that the court erred in the following conclusion of law: "That on the 20th day of October and September, 1908, and since March 5, 1905, the City of Paris was being operated under a special Act of the Twenty-ninth Legislature, and that said charter expressly prohibited the City of Paris from selling the use or enjoyment of any public utility established, owned or operated by the city, to any persons living beyond the limits of the corporation, and that even if on the 12th of October, 1904, the charter of the City of Paris had authorized the City of Paris to sell water to plaintiff, and a valid contract had been entered into between plaintiff and defendant, that by reason of section 1, article 17 of the Constitution, there could be no vested right of such contract to plaintiff, and the subsequent passage of the Act of Twenty-ninth Legislature

granting the City of Paris a new charter and expressly prohibiting the city from selling the use and enjoyment of its public utilities to persons not living within its limits, would authorize the City of Paris to rescind same."

Assuming that the city or its representatives had the power to make the agreement or contract, as plead and shown by appellant, to furnish him water, yet it must be held in this case, we think, that it conclusively appears from the pleading and findings of fact by the court that the agreement or contract, under the most favorable construction to appellant, was a contract at will and determinable by either party at any time. The petition does not aver that the city ever contracted to furnish appellant water and water service for any definite period of time, but affirmatively alleges "that under and by the said contract, permit and agreement, as herein set out, this defendant agreed to furnish this plaintiff water, so long as he paid for same, as its other customers." The evidence as to a contract is found in the findings of the trial court and rests upon the following application to the city for water signed by the appellant, and which the court finds "constitutes the only agreement plaintiff had with the defendant." The application reads:

"Paris Waterworks.
"Application for Water Connection.
"Paris, Texas, October 12, 1904.

"I hereby make application for the introduction of water into the premises of B. B. Sturgeon, No. —— Pacific avenue, for the following purposes, and agree to be governed by all existing rules and regulations or any that may be established from time to time for the management of same."

This finding is supported by the evidence, because appellant in his evidence states the agreement and circumstances under which he connected his premises with the city water, as, "Well, I applied, as my recollection serves me, and I think I am almost positive of it, to Mr. Hill, the mayor of Paris at that time, and possibly talked with the waterworks man—I think it was quite likely Jeff Terrell—and told him I wanted water. I think that was some time in October, 1904, that I wanted to do that which was necessary to get water connections. I don't remember all that was said, except Mr. Hill said he would have the connections made, and I was granted water connections by the city superintendent." On cross-examination he said, "I signed the application," meaning the application above set out. We must take the contract as alleged in the petition to be the contract on which appellant must predicate his rights, if any at all; and looking to that, in connection with the testimony, there can be no doubt that the term of water service was indefinite and depended upon appellant's own will. The evidence does not bear out the stipulation "so long as he paid for same." By the contract appellant was not bound to take nor the city to furnish the water for any length of time, and appellant could have stopped taking the water the next day or the next week if he had chosen to do so, without causing a breach of the agreement. It is laid down as a rule of contract that when the time or

period of the performance is left to the discretion of either party, or is indefinite or determinable by either party, that either may put an end to it at will, and do so without cause. Bradshaw v. Terrell Foundry Co., 104 S. W., 509; East Line & R. R. R. Co. v. Scott, 72 Texas, 70, 13 Am. St. Rep., 758, 10 S. W., 99; Steinwender S. Coffee Co. v. Guenther Gro. Co., 80 S. W., 1170; Echols v. New Orleans, J. & G. N. R. Co., 52 Miss., 610. Appellant, being a non-inhabitant of the city, could not properly rest any legal contention that, by reason of the agreement to furnish him water service, there was a continuing legal duty on the part of the city to furnish him the water as long as he paid for the same. It was conclusively shown in the case that appellee rescinded the agreement, as it had the legal right to do, and upon due notice to appellant before disconnecting the water connection. It therefore follows that appellant could not predicate any legal right upon the contract, as plead and proved, to compel the city by injunction to continue to furnish him water, and that this ruling is decisive of any contention of contractual right to appellant arising in the case. This ruling further renders it unnecessary to pass upon the several propositions under the assignment. The judgment was ordered affirmed.

ON REHEARING.

That portion of the original opinion reading, "The ownership of land within the city limits, where the owner at the time is a non-inhabitant and does not live within the city limits, does not establish the right or privilege of the individual to, nor the power of the city to grant the use of, water and water service," appears to the writer as calculated and likely to cause misapprehension of the extent of the ruling intended by the court in this respect. It is deemed proper to say that the opinion in this respect should be referred to the particular facts and pleading of the case. It was meant to rule, and we adhere to the ruling, that the appellant has not shown himself entitled to the relief sought, because it appeared in the case that he resided and his resident property was located outside of the city limits; and that the use of the water would have been outside of the city limits; and that as to the strip of land owned by him within the city limits, he had not shown such occupancy or use of or about the same, or contractual right to, or legal duty owing thereto by the city for the particular kind of water service, to predicate mandatory injunction to compel the water service sought.

Appellant insists in his motion that he has shown such a case as would entitle him to the injunction against the city, upon showing that he used the city water for the purpose of watering his flowers, shrubs and trees situated on that part of his premises within the city limits. The findings of the court were that appellant resided outside and all his premises were outside of the city limits, and that he used the water outside of the city limits, except that a strip of the land five feet in width by its length was inside the city limits, and on this strip there were a few flowers, shrubs and trees that were watered by him out of the city's water. It could not from the petition and proof be reasonably said, we think, that appellant was seeking to enforce

this particular kind of water service, but was seeking to compel a general water service to him on all his premises described in the petition. The burden was upon appellant to clearly and affirmatively show a legal right to him in the relief sought; and under the pleading and proof it must be held, we think, that he has not so done. That he could predicate no right to the water service upon contract with the city is determined and adhered to in the main opinion. The mere proof that he was using water in watering flowers, etc., in the city limits, and that the city had abundance of water, would not of itself be sufficient, we think, to give the right to the relief sought in this case. In the absence of allegation and proof, as in this case, that the city was under obligation or owed some legal duty to appellant to furnish him water to water his flowers, shrubs and trees within the city limits, and that the regulations by the city of its water service and supply to the individual permitted and authorized the use of city water for such particular purposes named, the court would not be authorized, we think, to compel the city to furnish appellant water for the particular purposes named. Cities in their general power to control and conserve the water supply for the common benefit of their inhabitants have the right to dictate as to the amount of water to be supplied to the given consumer, for what purposes, and the manner in which it is to be used. If it should be held that appellant has alleged an obligation to furnish the water, it is plain that he has neither alleged nor proved, in order to further predicate any right to compel the city to furnish him water, that the watering of flowers, shrubs and trees was such use of the water as was authorized and permitted by the water regulations of the city; and the court would not be authorized to assume, we think, that the particular use of the water in watering flowers, shrubs and trees is a proper use of the city water and authorized by the city.

The motion in all things was ordered overruled.

*Affirmed.*

Writ of error refused.