## Eastern Flavors Company v. The Sprenger Company.

*Contract without limitation—Duration of—Right of party to terminate— Suit for royalties—Affidavit raising point of law—Practice Act of May 14, 1915.*

1. The plaintiff contracted with the defendant to pay it certain minimum royalties each year for the manufacture and sale by the defendant of certain goods under the plaintiff's formula without fixing a time for the termination of the contract. During the second year the defendant paid only a small part of the minimum royalty agreed upon, and the plaintiff brought suit to recover the balance of said minimum royalty. The defendant filed an affidavit raising a point of law and asked for judgment on the ground that it had paid the royalties on the goods it had actually manufactured and had canceled the contract: *Held,* that judgment could not be entered for the defendant, as the statement did not show that defendant had manufactured only the quantity of goods on which royalty was paid or had given the plaintiff proper notice of its intention to cancel the contract.

2. A contract to pay royalty on goods manufactured and sold, not limited as to duration, may be terminated at the pleasure of either party upon reasonable notice to the other party.

3. The court can enter judgment for the defendant on an affidavit raising a question of law only because of insufficiency in the statement or on account of the facts as deduced therefrom showing that the plaintiff has on its face no right to recover. If the defendant has a ground of defence not shown in the statement, it must be presented by an affidavit of defence on the merits.

The Practice Act of May 14, 1915, P. L. 483, considered.

Statutory demurrer. C. P. Lancaster Co., April T., 1922, No. 39.

*John E. Malone,* for plaintiff; *John A. Coyle,* for defendant.

LANDIS, P. J., July 8, 1922.—This suit is based upon a written contract entered into between the plaintiff and the defendant, dated Feb. 2, 1920. The plaintiff was the owner of a formula for the manufacturing of cola concentrate, and the defendant company was desirous of securing the same for the exclusive manufacture and sale of the said cola concentrate in certain defined territory. The agreement provided that the Eastern Flavors Company should furnish the Sprenger Company with instructions as to the manufacture of said cola concentrate, with the exclusive right to sell the same in the entire eastern half of Pennsylvania, bounded on the west by Tioga, Lycoming, Union, Mifflin, Juniata and Franklin Counties, inclusive, and taking in all of the State of Pennsylvania east of this line, with the exception of the City and County of Philadelphia; also including the States of Delaware and Maryland, with the exception of the City of Baltimore; also including the eastern portion of West Virginia and the northern portion of Virginia bounded on the south by a line drawn through Staunton, Charlottesville and Bowling Green. The Sprenger Company agreed to pay the Eastern Flavors Company the sum of 20 cents per gallon for each gallon manufactured and sold by it in the said territory, or in any other territory included in any further agreement. The payments were to be made in accordance with the following clause of the agreement: "Royalties are to be payable *every* three months from the date of this agreement, and the said Sprenger Co. agree to manufacture or sell or pay royalties on a minimum amount of two thousand gallons for the first year and five thousand gallons for each year thereafter, or the Flavors Co. shall have the option of canceling this agreement, and turning the above described territory over to other parties, in which case the said Sprenger Company agree not to sell a cola drink or cola concentrate for making same in the above territory, or any other territory, without the consent of said Flavors Co., for a period of five years." The formula was apparently furnished, and, in pursuance of the agreement, the defendant company paid the plaintiff the full

minimum for the year commencing Feb. 2, 1920, and ending Feb. 2, 1921. The statement alleges that for the succeeding year it paid only the sum of $28.80, and while it is not averred that the Sprenger Company manufactured and sold cola concentrate to that or a greater amount, it is claimed that, as the minimum for the second year was 5000 gallons, which, at 20 cents per gallon, would make $1000, there is due to the plaintiff a balance of $974.20.

The defendant takes the position that, under the agreement, no time is fixed for the termination thereof, and that the Sprenger Company is, therefore, only obliged to pay for as many gallons as it manufactured and sold; that it is not responsible for any part of this demand, and that, on this account, judgment should be entered as a question of law in its favor.

In 35 Cyc. 118, it is said: "In some cases, the duration of contracts of sale must be determined by the ordinary rules of construction. A contract to furnish goods at a specified price, which is not limited as to duration, will not be construed as a perpetual contract, but will be construed as terminable at the pleasure of either party, upon notice to the other party, or at least within a reasonable time." In Coffin *v.* Landis, 46 Pa. 426, where one, as agent, contracted with another to sell the land of the latter in consideration of one-half the net proceeds of the sales, and there was no stipulation in the contract as to the duration of the employment, it was held that the principal had a right to terminate it at any time and to discharge the agent from his service without notice. See, also, Peacock *v.* Cummings, 46 Pa. 434. In McCullough-Dalzell Crucible Co. *v.* Philadelphia Company, 223 Pa. 336, where a natural gas company contracted, in consideration of a right-of-way conveyed absolutely, to furnish gas to the grantor at a certain rate, and the duration of the contract was left indefinite, and, years after the contract was made, conditions changed, so that the gas company, in order to cover the increased cost of producing gas, was compelled to increase its rates to other consumers, it was decided that the company might terminate the contract upon a reasonable notice.

In Canonsburg Iron Co. *v.* McKeever, Cook & Co., 22 W. N. C. 566, A agreed by contract with B to supply him with "what coal you require for your mill" for the term of three years. B took coal for two years, and in the third year began to use natural gas for the operation of his mill, so as in a great measure to dispense with the use of coal. In consequence, in that year, only a small quantity of coal was required by B and furnished by A. Treating the contract as binding B to take coal in sufficient quantity to operate his mill, A brought suit against him for breach of contract, claiming to recover as damages the profits which would have been made by A in mining and delivering a sufficient quantity of coal to have operated the mill during that year. It was held that, by the contract, no limit was put upon the discretion of the defendants as to the amount of coal they were to use in their mill; and it was also held that all they were bound to do was to take from the plaintiff whatever coal was necessary for consumption in their works, and it was of no consequence what was the cause that lessened that consumption.

In Echols *v.* New Orleans J. & G. N. R. Co., 52 Miss. 610, where a contract was entered into to furnish articles or supplies at a specified price and without limit as to duration, it was construed not as a perpetual contract that could be enforced as imposing a never-ending burden. It was held terminable at the pleasure of either party, or as implying that the thing to be done should be performed within a reasonable time and that the obligation ceased within the same limitation. In Savannah Electric Ry. Co. *v.* Tennessee Coal, Iron and Ry. Co., 98 Ga. 189 (26 S. E. Repr. 741), it was decided that such a con-

tract, although terminable at the will of either party, cannot be abandoned without notice, and that it remains in force until such notice is given. A number of cases of like tenure could be cited from this and other states.

While I am of the opinion that the contract in this case can be terminated by notice, I do not see how, under the Practice Act, a judgment can be entered in favor of the defendant at this time. Such a question can only be determined in favor of the defendant because of insufficiency in the statement of the cause of action, or on account of the facts as deduced therefrom showing that the plaintiff has, on its face, no right to recover. If the defendant has a ground of defence not shown in the statement, it must be presented by an affidavit of defence on the merits. This seems to be the present situation. Under the agreement, the time which the contract covers is indefinite; but it continues until it is abrogated by one of the parties. There is nothing in the statement to indicate any such action on the part of the defendant, and unless the company has canceled the contract in a legal way, it presumably remains in full force and effect. The cancellation of it can only be done by notice to that effect on its part, and this must be shown by a proper affidavit of defence filed by it.

The question of law raised in lieu of demurrer is, therefore, decided in favor of the plaintiff and against the defendant; but the defendant may file a supplemental affidavit of defence to the averments of fact in the statement within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.