## WEBER v. COLE.

1. CONTRACTS—PAROL EVIDENCE—AMBIGUITY—WRITTEN CONTRACTS.

Parol evidence is admissible to show what was in the minds of the parties at the time of making written contract, the terms of which are uncertain, ambiguous and susceptible of more than one interpretation.

2. LICENSES—PROFIT A PRENDRE—GRAVEL.

Where, before plaintiffs sold their farm to defendants, plaintiffs had contracted with a road contractor for a quantity of gravel to be taken therefrom, and in lieu of a reservation in the warranty deed to that effect the grantees gave plaintiffs a memorandum that grantees would allow the road contractor to take the gravel, pay grantors $1,000 of which grantees were to get $200, that the gravel was to be in stock pile in a month and a half hence but stock pile could remain until the next year, permission of grantees to have the gravel taken was not terminated by failure to stock-pile it by the time agreed, under testimony showing that grantees, upon such failure, then claimed the gravel was theirs and 12 days later agreed with the road contractor that he might take a like amount upon payment to them of $800.

3. ESTOPPEL—PREVIOUS ACTION AGAINST THIRD PARTY.

Where grantors sued purchaser of gravel to be taken from their farm for purchase price of gravel and jury returned verdict of no cause of action, they were not estopped thereafter from suing grantees for reformation of contract and for an account-

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am. Jur., Evidence, § 1147.
[2] 33 Am. Jur., Licenses, § 102.
[3] 45 Am. Jur., Reformation of Instruments, § 77.
[3] Attempt to reform contract as election of remedies precluding action to enforce contract as written or vice versa. 49 A.L.R. 1513.

ing for amount latter had received for same quantity of gravel from same purchaser where grantees had given a written memorandum at time of sale of farm before gravel was removed authorizing the gravel purchaser to take the gravel and pay grantors, since grantees were not parties to the first action and plaintiffs' position in later suit is not inconsistent with the verdict in the previous law action.

Appeal from Allegan; Sweet (Lucien F.), J., presiding. Submitted October 15, 1948. (Docket No. 102, Calendar No. 44,249.) Decided January 4, 1949.

Bill by George Weber and wife against Earl F. Cole and wife to reform written instrument, for an accounting and other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*Harry Pell,* for plaintiffs.

*Leo W. Hoffman,* for defendants.

BUSHNELL, J. Plaintiffs George Weber and Mary Weber, his wife, on May 16, 1944, sold their farm in Allegan county to defendants Earl F. Cole and Myrtle Cole, his wife, the title thereto being conveyed by warranty deed, which, according to the testimony, contained no reservations. Plaintiffs' daughter-in-law, Edith Weber, and son, Anthony, assisted them in the negotiations.

Prior to the sale, Harry Pickitt, a road contractor, according to the claim of plaintiffs, had arranged with them to purchase 10,000 yards of gravel at an agreed price of $1,000. When the sale of the farm was discussed with defendant Cole there was some suggestion that a reservation of this gravel should be expressed in the deed, but instead Cole prepared and gave Weber, after the deed was drawn, a memorandum reading as follows:

"Earl Cole will allow Harry Pickitt to get 10,000 yds. of gravel & pay Geo. Weber the price of gravel, which Earl Cole will receive $200.00 of this amount. Gravel will be in stock pile by July 1, 1944 & have his equipment out of way for any other operation.

E. F. COLE.

"Has right to leave stock pile until 1945."

It is undisputed that the gravel in question was not placed in a stock pile by July 1, 1944, and that about four days later Pickitt arranged to purchase a like amount of gravel from Cole, which was removed by Pickitt on or about July 12th and for which he paid Cole $800 instead of $1,000. The Webers thereafter brought an action at law in assumpsit against Pickitt to recover the purchase price of the gravel. This case, tried before a jury, resulted in a verdict of no cause of action.

Plaintiffs thereafter filed a bill of complaint for accounting, for correction of the Cole written agreement to conform to the actual agreement, and sought a lien on the property conveyed and for recovery of moneys claimed to be due them. A motion to dismiss on the grounds that plaintiffs had an adequate remedy at law and that their law action against Pickitt constituted a bar to the instant case, was denied. After the taking of testimony the trial judge filed a written opinion in which he held that the writing in question was ambiguous, indefinite, and susceptible of more than one meaning; he concluded that the phrase in the agreement, "gravel will be in stock pile by July 1, 1944," was not a forfeiture clause and that title to the 10,000 yards of gravel had been reserved and did not pass to the defendants. He further held that plaintiffs were not estopped by reason of their unsuccessful action against Pickitt and that the Coles were indebted to the Webers in the sum of $800, for which they might have a lien upon the premises if this amount, with

interest at 5 per cent., was not paid within 30 days from the date of the decree.

Defendants on appeal assert error in the admission of parol testimony, the finding of the court that title had been reserved, and the court's determination that defendants were not estopped by reason of the Pickitt lawsuit.

When the terms of a written contract are uncertain, ambiguous and susceptible of more than one interpretation, parol evidence may be introduced to show what was in the minds of the parties at the time the contract was made. *Jenkinson* v. *Monroe Brothers & Co.*, 61 Mich. 454, and *In re Kelley's Estate,* 173 Mich. 492 (Ann. Cas. 1914D, 848).

The written instrument in question is ambiguous, and the explanatory evidence was properly received. It is unnecessary to determine whether the parties understood that title to the 10,000 yards of gravel was reserved. It is enough, that Cole agreed that Pickitt would be permitted to take 10,000 yards of gravel for which he would pay Weber, and that he (Cole) would receive only $200 out of the transaction, and that this permission was not terminated by failure to stock-pile gravel by July 1, 1944.

The record shows that in the assumpsit action, Pickitt served upon Cole a notice to defend as follows:

"To Earl Cole:

"Suit having been started in the above cause to collect money for the payment of gravel which you claim belonged to you and it appearing to the undersigned that you should be paid therefor under the facts and the issue in suit being whether payment should have been made to you for said gravel.

"You are hereby notified to appear through your attorneys and contest said suit under the name of Harry Pickitt, defendant herein. Dated November 7, 1945. (Signed) HARRY PICKITT, Defendant."

The record also contains an affidavit to the effect that the foregoing notice to defend was not served or brought to the attention of plaintiffs.

Defendants Cole were not parties to the law action between the Webers and Pickitt, and the position taken here by plaintiffs Weber is not necessarily inconsistent with the verdict in the law action. The trial judge properly held that plaintiffs were not estopped thereby.

The decree is affirmed, with costs to appellees.

SHARPE, C. J., and REID, NORTH, BUTZEL, and CARR, JJ., concurred with BUSHNELL, J.

BOYLES and DETHMERS, JJ., concurred in the result.