Weaver, J.
I concur in the decision to reverse the judgment of the Court of Appeals and remand the case to that Court for consideration of issues raised, but not addressed, below. I write separately because I disagree with the majority’s holding that “the rule of contra proferentem is only to be applied if the intent of the parties cannot be discerned through the use of all conventional rules of interpretation, including an examination of relevant extrinsic evidence.” Ante at *482 474. Although I agree that this is the general rule, I would hold that when a contract is drafted entirely by one party, without any bilateral negotiations, the rule that a contract is to be strictly construed against its drafter should be applied as the primary rule of construction, not as a last resort, and extrinsic evidence is not admissible to clarify ambiguity in the contract.
The doctrine of contra proferentem, under which a contract that is ambiguous will be construed against the party preparing it, is a well-established rule. See, e.g., Universal Underwriters Ins Co v Kneeland, 464 Mich 491, 498; 628 NW2d 491 (2001) (discussing the “rule requiring that contractual ambiguities be construed against the drafter”); Herweyer v Clark Hwy Services, Inc, 455 Mich 14, 22; 564 NW2d 857 (1997) (“As the contract period under consideration is ambiguous, it must be construed against the drafter.”). In general, it is a rule of last resort, to be applied only if the intent of the parties cannot be discerned by the use of other rules of interpretation. See 2 Farnsworth, Contracts (2d ed), ch 7 §7.11, and 5 Corbin, Contracts (rev ed, 1998), § 24.27, pp 297-300.
The questions we asked the parties to address[1] are whether extrinsic evidence should be precluded and whether the rule of construing against the drafter should be applied initially, instead of as a rule of last resort, when the contract is drafted entirely by one *483 party without bilateral negotiation. I conclude that in such a case, the rule of contra proferentem should be applied as the primary rule of construction, not as a last resort, and that extrinsic evidence is not admissible to clarify the ambiguity.
The ultimate objective in interpreting an ambiguous contract is to ascertain the intent of the parties so the agreement can be carried out according to that intent. Loyal Order of Moose, Adrian 1034 v Faulhaber, 327 Mich 244, 250; 41 NW2d 535 (1950); Stine v Continental Cas Co, 419 Mich 89, 112; 349 NW2d 127 (1984). When there are bilateral negotiations between the parties, a court can assume that there is a relation between the contract terms that were agreed upon and the parties’ expectations as revealed by extrinsic evidence. However, “unless extrinsic evidence can speak to the intent of all parties to a contract, it provides an incomplete guide with which to inteipret contractual language.” SI Mgt LP v Wininger, 707 A2d 37, 43 (Del, 1998) (emphasis in original).
The Supreme Court of Delaware has held that where ambiguity arises in a contract drafted solely by one side and offered to others on a take-it-or-leave-it basis, the rule of construing against the drafter is determinative. SI Mgt, supra; followed by Intel Corp v Via Technologies, Inc, 174 F Supp 2d 1038 (ND Cal, 2001). In SI Mgt the Delaware court analyzed its approach to interpreting insurance contracts. The Delaware courts had said that if an insurance contract is ambiguous, “ ‘the principle of contra proferentem dictates that the contract must be construed against the drafter.’ ” SI Management, supra at 42 (citation omitted). The court found that the policy behind that principle of construing against the drafter *484 is that the insurer was in complete control of creating and drafting the policy, while the insured had little say about those terms except to take them or leave them or to select from limited terms offered by the insurer. Because of that, the Delaware courts had consistently held that the insurer had an obligation to make the terms clear and should suffer the consequences of convoluted or confusing terms. In SI Mgt the Delaware Supreme Court expanded this principle to other contracts where there was not a bilaterally negotiated agreement, and one party had signed onto an agreement that it had no hand in drafting.
There are sound public-policy reasons behind a black letter rule that when contractual provision are drafted entirely by one party, any ambiguity in the contract is to be construed against the drafter. First, the rule of contra proferentem provides a strong incentive for a party drafting a contract to use clear and unambiguous language. Second, the use of extrinsic evidence in circumstances involving ambiguity could be destabilizing to contractual relations and require more involved litigation by allowing parties to use assertions of oral understandings and examples of past behavior rather than relying on a written contract with the understanding that any ambiguity should be construed against its drafter.
This Court has not previously addressed whether the rule of construing against the drafter should be used as a primary rule of construction in ambiguous contracts or only used after considering any extrinsic evidence available.[2] However, in interpreting ambigu *485 ous contracts, this Court has consistently applied the rule of construing against the drafter as its primary, indeed sole, aid to construction. See Herweyer, supra at 22 (“As the contract period under consideration is ambiguous, it must be construed against the drafter, the defendant.”), Lichnovsky v Ziebart Int’l Corp, 414 Mich 228, 239; 324 NW2d 732 (1982) (“Any ambiguity in the expression must be construed against Ziebart, as its predecessor drafted the agreement.”), Ladd v Teichman, 359 Mich 587, 592; 103 NW2d 338 (1960) (“We agree with appellees that appellant having drafted the contract, any ambiguity contained in it must be construed against him.”), and Veenstra v Associated Broadcasting Corp, 321 Mich 679, 691; 33 NW2d 115 (1948) (“Defendants caused the drafting of the two contracts and any doubt or ambiguity concerning the nature of the contracts must be resolved against the defendants.”).
Similarly, this Court has consistently applied the rule of construing against the drafter as the primary tool of construction in insurance contracts. In insurance contracts, one party decides the terms of the contract, drafts the contract, and presents it to the other party in a take-it-or-leave-it fashion, all with no bilateral negotiation. Michigan Millers Mut Ins Co v Bronson Plating Co, 445 Mich 558, 567; 519 NW2d 864 (1994) (in interpreting insurance cases, a well-established principle of construction is, “Where ambiguity is found, the court must construe the term in *486 the manner most favorable to the insured.”). See also State Farm Mut Automobile Ins Co v Enterprise Leasing Co, 452 Mich 25, 38; 549 NW2d 345 (1996) (“[b]ecause State Farm prepared the form insurance contracts, any ambiguity must be strictly construed against it.”), Raska v Farm Bureau Mut Ins Co of Michigan, 412 Mich 355, 362; 314 NW2d 440 (1982) (“If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand that there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage.”), and Bonney v Citizens’ Mut Automobile Ins Co, 333 Mich 435, 438; 53 NW2d 321 (1952) (“An ambiguous contract must be construed against the party who prepared it.”).[3]
I would hold that this principle should be extended beyond insurance contracts and applied to other contracts in which there is a similar disparity of control in the creation of the terms of the contract. Here defendant was the entity in sole control of the process of creating and setting forth the terms of the contract. The parties did not engage in bilateral negotiation; the plaintiffs only choice in the terms of the contract was to take them or leave them. In such a *487 situation, any ambiguity in the contract should have been construed against the drafter, without considering the extrinsic evidence.
In this case, the trial judge allowed the plaintiff to introduce a variety of extrinsic evidence, including references to the older version of the Agent’s Agreement[4] and deposition testimony by the defendant’s executives.[5] I would hold that the trial court erred in admitting the extrinsic evidence to resolve the contract’s ambiguity. However, that error was harmless, because the same result was achieved as would have been if the contract had been construed against its drafter, defendant.
Accordingly, I concur with the decision to reverse the judgment of the Court of Appeals and remand the case to that Court for consideration of those issues raised, but not addressed, below.
Kelly, J., concurred with Weaver, J.

 In granting leave to appeal, this Court directed the parties to include among the issues to be briefed:
Where, as in the present case, a contract is drafted entirely by one party, without any bilateral negotiations, is extrinsic evidence admissible to clarify ambiguity in the contract or is any ambiguity in the contract simply to be construed against the drafter (without considering any extrinsic evidence)? [467 Mich 867-868 (2002).]

 The majority asserts that none of the cases I cite “concludes that the rule of contra proferentem is somehow a ‘primary rule of construction.’ ” Ante at 476. It is noteworthy that similarly none of the Michigan cases *485 cited by the majority state that the rule of contra proferentem is a rule of last resort. It is precisely because this Court had not previously addressed the question whether the rule of contra proferentem should be applied without first examining any relevant extrinsic evidence that our order granting leave to appeal in this case asked the parties to discuss it in their briefs.

 The majority says that in all the cases cited above “the rule of contra proferentem was, in all likelihood, applied because there was no way to determine the parties’ intent. That is, the language of the contract was ambiguous, but there was no relevant extrinsic evidence available.” Ante at 476-477. The majority’s assertion is not supported by the opinions themselves. None of the opinions cited states that relevant extrinsic evidence was not available, nor that there was no other way by which to determine the parties’ intent. Instead, the opinions consistently apply the well-established rule of construing against the drafter as the first — indeed the only — tool of construction in resolving ambiguous contracts.

 The plaintiff was attempting to show that the language “[v]estment [sic] for retirement is age 65 or 10 years of service whichever is later” in the Agent’s Manual was unintentionally left in the Agent’s Manual, and was no longer relevant given the new Agent’s Agreement.

 This testimony showed that the defendant’s past practice had been to pay former agents the renewal commissions specified by the § 5(B) vesting schedule, even when those agents did not have ten years of service with the defendant or had not reached age sixty-five.