PITSCH v BLANDFORD

Docket No. 248337. Submitted August 4, 2004, at Grand Rapids. Decided
    August 10, 2004. Approved for publication October 5, 2004, at 9:05
    a.m.

Gary Pitsch retained attorney Daniel M. Blandford to represent him
    in an action to recover environmental cleanup costs. While that
    matter was on appeal, the plaintiff and the defendant entered in to
    an agreement to toll the applicable statutory period of limitations
    with respect to legal malpractice claims that the plaintiff might
    have against the defendant in connection with the environmental
    litigation. After the completion of that litigation, the plaintiff
    brought a legal malpractice action in the Kent Circuit Court
    against Blandford. The defendant moved for partial summary
    disposition, but the circuit court, Dennis B. Leiber, J., granted the
    defendant full summary disposition on the basis that the tolling
    agreement violated public policy because it tolled the applicable
    period of limitations for an indefinite time, and, therefore, the
    plaintiff's claims were time-barred. The court also granted the
    defendant's motion for sanctions under the offer of judgment rule,
    MCR 2.405. The plaintiff appealed.

    The Court of Appeals held:

    1. Michigan has a clear public policy against agreements that
toll periods of limitations for indefinite periods and thereby permit
parties to bring stale claims. Here, the tolling agreement tolled the
applicable period of limitations for an indefinite period because the
agreement remained in effect until "twenty (20) days from receipt
of any party of a written notice of termination of this Stipulation
by any other party." Furthermore, the agreement also had a saving
provision that provided that "if the tolling of the statute of
limitations and any and all time-related defenses provided for
herein is found to be contrary to Michigan law or otherwise
unenforceable, [defendant] and [plaintiff] agree to waive any
affirmative defense based on any statute of limitations or any
other defense based on the expiration of time to raise a claim after
the date of this Stipulation but only for the period this Stipulation
is in effect." Both the tolling provision and the saving provision
were for an indefinite period and were contrary to the policy

considerations underlying limitations periods. The circuit court therefore correctly determined that the tolling agreement was unenforceable.

2. The circuit court did not abuse its discretion when it awarded the defendant sanctions under the offer of judgment rule, MCR 2.405. The plaintiff failed to show that the defendant's offer, while small at $100, was insincere given the strength of the defendant's case. The plaintiff also failed to show that the amount of attorney fees awarded was unreasonable.

Affirmed.

*Andrew C. Vrendenburg PLC* (by *Andrew C. Vrendenburg*) for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Richard A. Gaffin*), for the defendant.

Before: WHITBECK, C.J., and OWENS and SCHUETTE, JJ.

PER CURIAM. In this legal malpractice action, plaintiff appeals as of right from an order granting defendant summary disposition. We affirm.

Defendant represented plaintiff in litigation against several individuals and entities in an attempt to recover costs paid by plaintiff to clean up environmental contamination on a property plaintiff purchased from J & S Group, Inc. Specifically, defendant, on behalf of plaintiff, had filed suit in 1994 in the Wexford Circuit Court alleging violations of the Michigan Environmental Response Act (MERA) (MCL 299.601 *et seq.*, since repealed and reenacted as part of the Natural Resources and Environmental Protection Act, MCL 324.101 *et seq.*) against J & S Group, Inc., as well as the company's two individual owners and an excavating company, which allegedly had removed from the premises an underground storage tank that leaked a petroleum product on the ground; fraud and misrepresentation against one of the owners and ESE Michigan, Inc.

(ESE), an environmental engineering firm that had conducted an environmental audit on the property before plaintiff's purchase; and negligence against ESE and the excavating company. The trial court granted defendants' motions for summary disposition in the underlying environmental action, dismissing all claims with the exception of a fraud claim against one of the owners of J & S Group, Inc.; however, this Court, in *Pitsch v ESE Michigan, Inc,* 233 Mich App 578, 581; 593 NW2d 565 (1999), reinstated the MERA claims against J & S Group, Inc., and the excavating company. Plaintiff ultimately settled with the remaining defendants.

In this case, plaintiff alleged that defendant violated the standard of care, thereby committing legal malpractice, by failing to pursue all proper parties in the environmental action, failing to conduct necessary discovery, and failing to submit sufficient evidence to avoid summary disposition. Defendant moved for partial summary disposition; however, the trial court, after determining that the parties' agreement to toll the applicable period of limitations for an indefinite time violated public policy, granted defendant full summary disposition on the ground that all of plaintiff's claims were time-barred.

Plaintiff first asserts that the trial court erred in granting defendant summary disposition pursuant to MCR 2.116(C)(10) on the ground that the tolling agreement was invalid. We disagree. A trial court's decision on a motion for summary disposition is reviewed de novo. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is appropriately granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999).

This Court recently reiterated Michigan's common-law doctrine regarding the validity of private contracts in *Morris & Doherty, PC v Lockwood,* 259 Mich App 38, 54-55; 672 NW2d 884 (2003), as follows:

> Although, as a general rule, courts must provide competent parties the "utmost liberty" to engage in contractual relations, *Terrien v Zwitt,* 467 Mich 56, 71; 648 NW2d 602 (2002), a contract is valid only if it involves "a proper subject matter." *Thomas v Leja,* 187 Mich App 418, 422; 468 NW2d 58 (1991), citing *Detroit Trust Co v Struggles,* 289 Mich 595; 286 NW 844 (1939). A proposed contract is concerned with a proper subject matter only if the contract performance requirements are not *contrary to public policy.* *Cudnik v William Beaumont Hosp,* 207 Mich App 378, 383-384; 525 NW2d 891 (1994). Courts must proceed with caution in determining what exactly constitutes Michigan's "public policy," and not merely impose its [sic] belief of what public policy should be. In other words, Michigan's "public policy" must be clearly apparent in "our state and federal constitutions, our statutes, and the common law," *Terrien, supra* at 67, as well as our "administrative rules and regulations, and public rules of professional conduct," *id.* at 67 n 11. [Emphasis in original.]

A contract that violates Michigan's public policy is unenforceable. *Id.* at 59-60, citing *Evans & Luptak, PLC v Lizza,* 251 Mich App 187, 196; 650 NW2d 364 (2002).

A statute of limitations provides a defense to a plaintiff's claim where undue delay has occurred between the accrual of the action and the filing of suit. *Herweyer v Clark Hwy Services, Inc,* 455 Mich 14, 19; 564 NW2d 857 (1997). As noted by our Supreme Court in *Chase v Sabin,* 445 Mich 190; 516 NW2d 60 (1994), the policies that prompted the adoption of statutes of limitations include allowing "plaintiffs a reasonable opportunity to bring suit," as well as compelling " 'the exercise of a right of action within a reasonable time so

that the opposing party has a fair opportunity to defend'; *'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'*; and to protect 'potential defendants from protracted fear of litigation.' " *Id.* at 199, quoting *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974) (emphasis added).

It is true that Michigan courts have held that parties may contractually shorten a period of limitations as long as the shortened period is reasonable. *Herweyer, supra* at 20. In determining whether the shortened period is reasonable, courts consider whether "(1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Id.* However, the focus during these previous cases was whether the parties *shortened* the period of limitations to an unreasonable length, whereas this case concerns the *lengthening* of the period of limitations, which specifically affects the policy against adjudicating "stale" claims. However, the language in *Herweyer, supra,* is still instructive in determining whether the present agreement violates public policy:

> The *public policy considerations underlying limitation periods are not advanced, either, by encouraging uncertain periods of limitation.* We agree with the Court of Appeals dissent that the applicable statutory limitation period is a straightforward and objective indicator of what period is reasonable. *Lothian v Detroit,* 414 Mich 160, 165; 324 NW2d 9 (1982). In the case before us, defendant has not stated a convincing argument why we should abandon the objective indicator and authorize *nonspecific contractual periods of limitation.* [*Id.* at 22-23 (emphasis added).]

The Court concluded by noting that "[c]ourts should defer to the statutory period unless the period in the parties' contract is specific and reasonable." *Id.* at 24.

The tolling agreement at issue in this case did not toll the applicable period of limitations for any specific length of time, but, rather, until "twenty (20) days from receipt of any party of a written notice of termination of this Stipulation by any other party." The agreement also had a saving clause, which noted that it was to be governed by Michigan law and that, if "the tolling of the statute of limitations and any and all time-related defenses provided for herein is found to be contrary to Michigan law or otherwise unenforceable, [defendant] and [plaintiff] agree to waive any affirmative defense based on any statute of limitations or any other defense based on the expiration of time to raise a claim after the date of this Stipulation *but only for the period this Stipulation is in effect.*" (Emphasis added.) This language sets an indefinite period, both for the tolling provision and for the saving provision. Specifically, the trial court noted that plaintiff could have potentially waited ten years before bringing his suit. We agree and further note that this length could be extended indefinitely depending on the whim of the parties.

In addition, while it is true that the statute of limitations defense can be waived, either by express agreement or by failure to plead it, *Lothian, supra* at 167, the waiver or saving provision in this contract is also for an indefinite period, specifically "only for the period this Stipulation [agreement] is in effect." Therefore, the duration of the waiver relies on the same indefinite period noted in the tolling provision itself; defendant agreed to waive his statute of limitations defense but only for some indefinite period. With no specific duration identified, both the tolling provision

and the saving provision run contrary to the Supreme Court's decision in *Herweyer, supra.* Therefore, we find that, because the tolling agreement purported to toll the period of limitations for some nonspecific time, the agreement violated Michigan's public policy against the adjudication of stale claims as it would potentially allow plaintiff to file suit against defendant ten, twenty, thirty, or more years after the action accrued. Because defendant pleaded in his affirmative defenses that some or all of plaintiff's claims were barred by the applicable statute of limitations, the trial court did not err in granting full summary disposition to defendant.

Plaintiff further asserts that the trial court erred in granting defendant summary disposition on the basis of ambiguities in the contract and plaintiff's attempt to recover damages for unpaid environmental cleanup costs. However, we need not address these issues because the court properly found that plaintiff's claims were barred by the applicable statute of limitations.

Plaintiff also asserts that the trial court abused its discretion in awarding defendant sanctions under the offer of judgment rule. We disagree. The decision to award sanctions under the offer of judgment rule is reviewed for an abuse of discretion. *JC Bldg Corp v Parkhurst Homes, Inc,* 217 Mich App 421, 426; 552 NW2d 466 (1996). An abuse of discretion is found only in extreme cases in which the result is "so palpably and grossly violative of fact and logic" that it demonstrates a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Dep't of Transportation v Randolph,* 461 Mich 757, 768; 610 NW2d 893 (2000).

Until twenty-eight days before trial, a party may serve on his opponent a written offer to stipulate the entry of a judgment. MCR 2.405(B). If the opponent rejects the offer and the adjusted verdict is more favor-

able to the offeror than the average offer, the offering party may recover actual costs from the offeree. MCR 2.405(D). The purpose of the offer of judgment rule is to avoid protracted litigation and encourage settlement. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 640; 567 NW2d 468 (1997), citing *Gudewicz v Matt's Catering, Inc*, 188 Mich App 639, 643; 470 NW2d 654 (1991).

Under the offer of judgment rule, actual costs are "the costs and fees taxable in a civil action" plus "a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6); *Luidens v 63rd Dist Court*, 219 Mich App 24, 30; 555 NW2d 709 (1996). The court must determine the actual costs incurred. MCR 2.405(D)(3); *Luidens, supra* at 30-31. In the interest of justice, the court may refuse to award attorney fees under the offer of judgment rule. MCR 2.405(D)(3); *Wilkens v Gagliardi*, 219 Mich App 260, 274; 556 NW2d 171 (1996). However, the sanction should be routinely enforced and attorney fees granted absent unusual circumstances. *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461, 472; 624 NW2d 427 (2000). The trial court may justify the denial of an award of attorney fees when the party made an *insincere* offer. *Luidens, supra* at 35.

In this case, defendant made an early offer of judgment for $100 to plaintiff, which plaintiff did not accept. Because plaintiff's claims were dismissed, defendant fared better than he would have had plaintiff accepted the offer; therefore, the trial court may award offer of judgment sanctions to defendant. MCR 2.405(D). Plaintiff argues that sanctions were inappropriate in this case because the dismissal was based on unsettled law. However, the trial court based its decision to grant summary disposition to defendant on the conflict be-

tween the parties' tolling agreement and Michigan public policies behind statutes of limitations. As noted previously, Michigan's public policies behind statutes of limitations are clear, and the invalidity of agreements that conflict with public policy is well established in case law. *Chase, supra* at 199; *Morris, supra* at 54-55, 59-60. Plaintiff also argues that this small offer is an example of gamesmanship where a party offers an insincere and small amount for judgment in the hopes of tacking on attorney fees later. However, plaintiff has failed to show that defendant's offer, while small, was insincere considering the strength of defendant's case; therefore, we find that the trial court's decision to grant offer of judgment sanctions was not violative of fact and logic and was not an abuse of discretion.

We further disagree with plaintiff's assertion that the amount of attorney fees awarded was unreasonable. The trial court considered the factors adopted in *Wood v Detroit Automobile Inter-Ins Exch,* 413 Mich 573, 588; 321 NW2d 653 (1982), when determining the reasonableness of the fees awarded. In the face of the trial court's analysis, plaintiff has failed to show that the amount awarded was unreasonable; therefore, we find that the trial court's decision regarding the amount of offer of judgment sanctions was not an abuse of discretion.

Affirmed.