CAVANAGH, J.
(dissenting). As the majority accurately observes, this Court is faced with a choice today. See ante at 488. This Court could continue to acknowledge the unique character of insurance agreements and follow well-reasoned precedent examining contractually shortened limitations periods for reasonableness. Or this Court could disregard the manner in which insurance agreements come into existence and abrogate the “reasonableness doctrine.” Because the majority makes the wrong choice, I must respectfully dissent from today’s decision and concur in the result reached by Justice Kelly’s dissent.
As a general proposition, “[a]n insurance policy is much the same as any other contract.” Auto-Owners Ins Co v Churchman, 440 Mich 560, 566; 489 NW2d 431 *513 (1992). Accordingly, a clear and unambiguous insurance policy is usually applied as written. New Amsterdam Cas Co v Sokolowski, 374 Mich 340, 342; 132 NW2d 66 (1965); Frankenmuth Mut Ins Co v Masters, 460 Mich 105, 111; 595 NW2d 832 (1999). This general principle, however, is subject to numerous caveats that are deeply rooted in our jurisprudence, including the following: where a contractual limitations provision shortens the otherwise applicable period of limitations, the provision must be reasonable to be enforceable. Herweyer v Clark Hwy Services, Inc, 455 Mich 14, 20; 564 NW2d 857 (1997). See also 44A Am Jur 2d, Insurance, § 1909, p 370; anno: Validity of contractual time period, shorter than statute of limitations, for bringing action, 6 ALR3d 1197.
As noted by the majority, there is little doubt that parties may generally contract for shorter periods of limitations, and this Court has enforced such provisions where they have been reasonable. To this end, this Court in Herweyer, supra at 20, rearticulated the following factors to assist our courts in determining whether a contractual limitations provision is reasonable:
It is reasonable if (1) the claimant has sufficient oppor- . tunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained.
In my view, this reasonableness inquiry is particularly fitting when insurance policies purport to shorten the otherwise applicable period of limitations. As Justice LEVIN once observed:
The rationale of the rule allowing parties to contractually shorten statutory periods of limitation is that the shortened period is a bargained-for term of the contract. *514 Allowing such bargained-for terms may in some cases be a useful and proper means of allowing parties to structure their business dealings.
In the case of an adhesion contract, however, where the party ostensibly agreeing to the shortened period has no real alternative, this rationale is inapplicable. [Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co, 410 Mich 118, 141; 301 NW2d 275 (1981) (Levin, J., concurring).]
Nonetheless, the majority posits that the reasonableness inquiry no longer has any place in our jurisprudence because this inquiry undermines the parties’ freedom of contract. In my view, however, such an approach ignores the manner in which the insurance industry operates. In this regard, I believe that the majority’s approach is based on the fiction that the shortened limitations period was a truly bargained-for term.[1] In other words, I believe that the majority’s entire premise must fail because it ignores the unique *515 character of insurance agreements and disregards the notion that adhesion contracts inherently tend to “be a necessary ingredient in the trade ...Wilkie v Auto-Owners Ins Co, 469 Mich 41, 70; 664 NW2d 776 (2003) (CAVANAGH, J., dissenting).[2] Accordingly, I would not torture the term “adhesion contract” and turn a blind eye to the manner in which these adhesion contracts are made simply to bolster what is perceived as a preferred result. Instead, I would embrace, rather than divorce, reality and acknowledge how insurance policies *516 typically come into existence. Therefore, I would affirm the decision of the Court of Appeals and conclude that the shortened limitations period in this insurance policy is unreasonable and, thus, unenforceable.
I must also observe that my disagreement with the current majority with respect to the principles governing the interpretation of insurance policies is nothing new. See Wilkie, supra. I recognize that the majority’s view in this case and others is theoretically consistent with the notion of freedom of contract. In the abstract, the majority’s approach could arguably have some appeal. Nonetheless, while today’s decision may placate the majority’s own desire to demonstrate its self-described fidelity, I believe that the majority’s position ignores how the insurance industry functions and discounts the effects today’s decision will have on this state’s citizens. Therefore, I must respectfully dissent from today’s decision and concur in the result reached by Justice KELLY’s dissent.

 In the typical insurance agreement, Justice Levin prudently noted,
[t]here is no meeting of the minds except regarding the broad outlines of the transaction, the insurer’s desire to sell a policy and the insured’s desire to buy a policy of insurance for a designated price and period of insurance to cover loss arising from particular perils (death, illness, fire, theft, auto accident, “comprehensive”). The details (definitions, exceptions, exclusions, conditions) are generally not discussed and rarely negotiated.
The policyholder can, of course, be said to have agreed to whatever the policy says — in that sense his mind met with that of the insurer. Such an analysis may not violate the letter of the concept that a written contract expresses the substance of a meeting of minds, but it does violate the spirit of that concept.
To be sure, contract law principles are not confined by the concept of a “meeting of the minds.” Nevertheless, a point is reached when the label “contract” ceases to fully and accurately describe the relationship of the parties and the nature of the *515 transaction between insurer and insured. [Lotoszinski v State Farm Mut Automobile Ins Co, 417 Mich 1, 14 n 1; 331 NW2d 467 (1982) (Levin, J., dissenting).]

 I must additionally note that, contrary to the majority’s rationale, decisions such as Camelot Excavating, Herweyer, and Tom Thomas Org, Inc v Reliance Ins Co, 396 Mich 588, 592; 242 NW2d 396 (1976), were not groundbreaking. For example, 44A Am Jur 2d, Insurance, § 1909, pp 370-371 provides:
In the absence of statutory regulation to the contrary, an insurance contract may validly provide for a limitation period shorter than that provided in the general statute of limitations, provided that the interval allowed is not unreasonably short. [Emphasis added.]
Section 1909 cites the following cases in support of this view: Thomas v Allstate Ins Co, 974 F2d 706 (CA 6, 1992) (applying Ohio law); Doe v Blue Cross & Blue Shield United of Wisconsin, 112 F3d 869 (CA 7, 1997); Wesselman v Travelers Indemnity Co, 345 A2d 423 (Del, 1975); Phoenix Ins Co v Aetna Cas & Surety Co, 120 Ga App 122; 169 SE2d 645 (1969); Nicodemus v Milwaukee Mut Ins Co, 612 NW2d 785 (Iowa, 2000) (contractual limitations provision in an insurance policy is enforceable if it is reasonable); Webb v Kentucky Farm Bureau Ins Co, 577 SW2d 17 (Ky App, 1978); Suire v Combined Ins Co of America, 290 So 2d 271 (La, 1974); L & A United Grocers, Inc v Safeguard Ins Co, 460 A2d 587 (Me, 1983) (in property insurance, a limit of one year from the time of loss is not unreasonably short); O’Reilly v Allstate Ins Co, 474 NW2d 221 (Minn App, 1991); Commonwealth v Transamerica Ins Co, 462 Pa 268; 341 A2d 74 (1975); Donahue v Hartford Fire Ins Co, 110 RI 603; 295 A2d 693 (1972); Hebert v Jarvis & Rice & White Ins, Inc, 134 Vt 472; 365 A2d 271 (1976).