RENDERED:  SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0885-MR

SHARIECIA HAMILTON                                                      APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 18-CI-000179


NORTON HEALTHCARE, INC.                                             APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Shariecia Hamilton appeals from a summary judgment entered by the Jefferson Circuit Court dismissing her employment-discrimination claims against Norton Healthcare, Inc.  The trial court found Hamilton's claims brought under the Kentucky Civil Rights Act (KCRA) were time-barred based on a contractual six-month limitation period for bringing claims arising from the

employment. While this appeal was pending, the legislature amended KRS[1] 336.700 to contain language which would bar enforcement of the contractual provision. Therefore, we conclude the provision is not enforceable with respect to Hamilton's KCRA claims. We reverse and remand for additional proceedings.

## BACKGROUND

In 2015, Hamilton applied for a job with Norton and was hired. When she applied, she signed a form that limited her ability to bring claims related to her employment at Norton to six months from the date of any wrongful conduct. The application contained the following language:

> I agree that any claim or lawsuit relating to my service with Norton Healthcare, Inc., or any of its subsidiaries or related entities must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary. My signature certifies that I have read and understand the contents of this employment application, and that I am fully able and competent to complete it and that the statements I made herein are true.

Just below the paragraph was a box with a sentence stating, "By checking this box I acknowledge that all information submitted is true and complete." The paragraph also required Hamilton's signature and a date. Hamilton checked the box and signed the page, along with several other pages on the application.

---

[1] Kentucky Revised Statutes.

In 2017, while working as a newborn nurse for Norton, Hamilton reported a few botched circumcisions that left the newborns with deformities. After reporting the issue, Norton investigated Hamilton for violating policies and procedures relating to patient and employee privacy. Following the investigation, Norton terminated Hamilton.

The following year, Hamilton brought an action for retaliation, wrongful termination, and race discrimination. Norton responded by stating Hamilton's case should be time-barred due to the provision in her employment application and filed a motion for summary judgment. After considering Norton's motion, the trial court agreed, and found Hamilton made a knowing and voluntary waiver of the statutory limitation period when she signed the provision in her employment application. The court further found that six months is a reasonable amount of time to assert the claims at issue in this case. Based on these findings, the trial court granted Norton's motion for summary judgment.

## STANDARD OF REVIEW

"The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Hammons v. Hammons*, 327

S.W.3d 444, 448 (Ky. 2010) (quoting CR[2] 56.03). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Id.* (citing *Malone v. Ky. Farm Bur. Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

Neither party disputes the facts of this case; therefore, this case only turns on statutory interpretation. Again, our review is *de novo*. *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 612 (Ky. 2004).

## ANALYSIS[3]

The General Assembly recently addressed this issue through its enactment of 2019 Ky. Acts ch. 75 (SB 7) (effective June 27, 2019). In pertinent part, KRS 336.700(3)(c) now provides:

> Any employer may require an employee or person seeking employment to execute an agreement to reasonably reduce the period of limitations for filing a claim against the employer as a condition or precondition of employment, provided that the agreement does not apply to causes of action that arise under a state or federal law where an agreement to modify the limitations period is preempted or prohibited, and provided that such an agreement does

---

[2] Kentucky Rules of Civil Procedure.

[3] This Court entertained a strikingly similar case earlier this year, *Croghan v. Norton Healthcare Inc.*, --- S.W.3d ----, 2020 WL 742031 (Ky. App. Feb. 14, 2020) (designated for publication). However, that case is currently pending discretionary review by the Supreme Court and, therefore, is not final. Nevertheless, we draw liberally and consistently from that analysis.

not reduce the period of limitations by more than fifty percent (50%)[.]

By enacting the amendment to KRS 336.700, the General Assembly clearly stated the public policy of this Commonwealth permits an employment contract requiring an employee to accept a reduced limitation period for a cause of action arising out of the employment. Furthermore, KRS 336.700(8) provides that "[t]his section shall apply prospectively and retroactively." Under the plain language of the statute, the provision in Hamilton's employment application is not void as against public policy.

But, as quoted above, KRS 336.700(3)(c) precludes enforcement of an employment agreement which reduces the period of limitation by more than 50% of the statutory time allowed. And, KRS 336.700(8) further provides:

> Any provision of an agreement executed prior to June 27, 2019, that violates the requirements of subsection (3)(c) of this section shall be stricken from the agreement and shall not operate to invalidate the entire agreement.

By its express terms, the amended version of KRS 336.700 applies to all contracts entered before or after the statute's effective date of June 27, 2019. The statute prohibits shortening of the limitation period for KCRA claims to less than two and a half years because, by statute, such claims must be brought within five years. Any contract provision providing for a shorter limitation period is unenforceable.

Even without the fifty-percent limitation, we concluded before, and conclude again, that six months is not a reasonable period to bring a KCRA claim. *See Croghan*, *supra*, 2020 WL 742031, at *5 (cited not for precedent, but to demonstrate consistency). As a general rule, a contractual period of limitation "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 239-40, 625 N.W.2d 101, 104 (2001) (quoting *Herweyer v. Clark Highway Services, Inc.*, 455 Mich. 14, 20, 564 N.W.2d 857, 859 (1997)); *see also Davies v. Waterstone Capital Mgmt., L.P.*, 856 N.W.2d 711, 718 (Minn. Ct. App. 2014); *Ellis v. U.S. Sec. Assocs.*, 224 Cal. App. 4th 1213, 1222-23, 169 Cal. Rptr. 3d 752, 757-58 (2014); *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 129 Nev. 181, 300 P.3d 124, 129 (2013); and *Hatkoff v. Portland Adventist Med. Ctr.*, 252 Or. App. 210, 222, 287 P.3d 1113, 1121 (2012); *but see Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 470, 703 N.W.2d 23, 31 (2005) (rejecting a reasonableness inquiry in a contractually-shortened limitation period). If the amended version of KRS 336.700(3)(c) does not apply, then this test is applicable to determine the reasonableness of the limitation period provided in Hamilton's employment contract.

The six-month period for bringing a claim arising out of the employment is not enforceable with respect to Hamilton's KCRA claim. Therefore, the trial court erred in granting summary judgment for Norton.

## **CONCLUSION**

Based on the foregoing, we reverse the summary judgment entered by the Jefferson Circuit Court and we remand for additional proceedings not inconsistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Garry R. Adams | Donna King Perry |
| Theodore W. Walton | Jeremy S. Rogers |
| Abigail V. Lewis | Matthew Barszcz |
| Louisville, Kentucky | Louisville, Kentucky |