*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADVISACARE HEALTHCARE SOLUTIONS, INC, doing business as ADVISACARE,

        Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE COMPANY,

        Defendant,

and

HOME-OWNERS INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2025
2:15 PM

Nos. 366353; 366546
Kent Circuit Court
LC No. 18-004210-NF

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

This consolidated appeal arises from a third-party action brought under Michigan's no-fault insurance act, MCL 500.3101 *et seq*. Plaintiff, AdvisaCare Healthcare Solutions, Inc., doing business as AdvisaCare, sought payment of personal protection insurance (PIP) benefits for attendant care services provided to Carol Schulz and Sandra Schulz after they were injured in a motor vehicle accident. After a two-day trial, the jury awarded AdvisaCare $149,196.83 in allowable expenses and $101,528.27 in penalty interest, for a total award of $250,725.10. In Docket No. 366546, defendant, Home-Owners Insurance Company, appeals by delayed leave granted the judgment entered following the jury's verdict. In Docket No. 366353, Home-Owners appeals of right the trial court's order granting AdvisaCare's motion for attorney fees and costs under MCR 2.405 and MCL 500.3148. For reasons stated herein, we reverse the trial court's denial of a directed verdict on the issue of AdvisaCare's standing to pursue PIP benefits for attendant care services provided to Carol, vacate the trial court's award of attorney fees under MCL 500.3148, and remand to the trial court for further proceedings consistent with this opinion.

-1-

# I. RELEVANT FACTS AND PROCEEDINGS

In November 2016, Carol and Sandra were injured in an automobile accident when a truck broadsided the driver's side of their car. Home-Owners was the Schulzes' no-fault insurer. Carol suffered a traumatic brain injury (TBI) and serious orthopedic injuries, for which she spent approximately three weeks in the hospital before continuing her recovery at home with the help of physical therapy, occupational therapy, and attendant care services. Sandra suffered a TBI and a torn meniscus, for which she was hospitalized for a few days. At the time of her discharge and afterward, Sandra presented impairments in her balance, cognition, judgment, and gait, and she frequently experienced debilitating headaches. The Schulzes' primary physician believed that Sandra needed around-the-clock attendant care services, and she referred Sandra to Dr. Aashish Deshpande, a specialist in brain injury. Dr. Deshpande diagnosed Sandra with postconcussive syndrome and TBI, and prescribed around-the-clock attendant care services for her. AdvisaCare provided attendant care services for both women. As the frequency and intensity of Sandra's headaches decreased, and she was able to engage in activities with less dizziness and fewer problems with coordination and balance, Dr. Deshpande reduced the prescription for attendant care to 16-hours a day (May 2017), then to 12-hours a day (June 2017), 8-hours a day (July 2017), and 4-hours a day (September 2017). Home-Owners paid benefits for the attendant care that AdvisaCare provided Carol through April 2017, but it did not pay any of AdvisaCare's bills for Sandra's attendant care. In a coverage letter dated October 25, 2017, Home-Owners informed Sandra that it was not responsible for paying any of her attendant care bills.

In November 2017, Carol and Sandra filed a declaratory action against Home-Owners in Ottawa Circuit Court, asking the trial court to declare that Home-Owners was liable for accrued and accruing medical benefits, wage loss, replacement services, and rehabilitation and vocational training expenses in accordance with the terms of the insurance policy that defendant issued to Carol and Sandra.

Several months later AdvisaCare filed a complaint against Auto-Owners in Kent Circuit Court seeking payment for the care, treatment, attendant care services, and supplies that AdvisaCare provided to Carol and Sandra, along with penalty interest, attorney fees, and prejudgment interest. Attached to AdvisaCare's complaint was an assignment of past no-fault benefits executed by Sandra in favor of AdvisaCare. Carol's assignment was not attached to the complaint; it was executed the day after AdvisaCare filed its complaint and first submitted nearly five years later, after trial. The Ottawa case was then transferred to Kent Circuit Court, where the cases were consolidated.

AdvisaCare eventually realized that it sued the wrong insurer and moved in April 2019 to substitute Home-Owners for Auto-Owners. Both Home-Owners and Auto-Owners opposed the motion on the basis that they were separate corporate and legal entities, that Home-Owners was not a mere instrument of Auto-Owners, and there was no evidence of fraud or wrongdoing. Auto-Owners asserted that its earlier admission that it was the insurer had been inadvertent, and that had AdvisaCare exercised due diligence it would have discovered that Home-Owners was the Schulzes' no-fault insurer. The trial court granted AdvisaCare's motion. Subsequently, Home-Owners answered AdvisaCare's complaint, denying, among other things, that the Schulzes had executed valid assignments in favor of AdvisaCare and that it was obligated to pay the requested benefits.

The case proceeded to trial, though the testimonies at trial are of little relevance to the issues on appeal. After the conclusion of testimony, Home-Owners moved for a directed verdict on the basis that AdvisaCare lacked standing and that the one-year-back rule completely barred its recovery. As to standing, Home-Owners argued that AdvisaCare did not have a direct cause of action when it filed its original complaint in May 2018, and that AdvisaCare had not presented any evidence at trial indicating that it possessed valid assignments from the Schulzes. The trial court rejected Home-Owners' argument. The court opined that AdvisaCare had a cause of action in its own right, and that AdvisaCare's attachment of Sandra's assignment to its complaint put Home-Owners on notice that assignments had been sought and provided.

As to the one-year-back rule, Home-Owners noted that the starting point date for calculating one year back was the date on which a claimant's action for PIP benefits was commenced. Home-Owners contended that it was a new party to AdvisaCare's case and that the case did not relate back to the original pleading. Therefore, one year back should be calculated from May 3, 2019, the date that the trial court added Home-Owners to the case, and AdvisaCare was barred from recovering PIP benefits for services rendered before May 3, 2018. Because AdvisaCare's controller testified that AdvisaCare had last provided attendant care services in October 2017, AdvisaCare's entire claim was barred. The trial court rejected this argument, ruling that the order amending AdvisaCare's pleading had substituted, not added, Home-Owners in place of Auto-Owners, and that Home-Owners was not unfairly surprised or unfairly treated as a result of the substitution.

After the jury's verdict, Home-Owners argued in post-trial motions for a new trial, amendment of the judgment, or relief from the judgment that the trial court erred by not granting Home-Owners' motion for a directed verdict, reiterating its arguments from its motion for a directed verdict. Home-Owners argued that it was entitled to amendment of the judgment under MCR 2.611(A)(1)(e) because the verdict in favor of AdvisaCare was against the great weight of the evidence or contrary to law. The trial court denied it in its entirety.

AdvisaCare sought attorney fees and costs under MCR 2.405 (offer-of-judgment sanction) and MCL 500.3148(1) (unreasonable delay or refusal of no-fault benefits), which the trial court granted under both provisions. As to MCL 500.3148(1), the trial court found that Home-Owners had unreasonably delayed or refused to pay attendant care services for Carol, but it found that Home-Owners' delay or refusal to pay with respect to Sandra was reasonable under the circumstances.

## II. DOCKET NO. 366546

## A. DIRECTED VERDICT

Home-Owners first argues that the trial court erred by denying its motion for a directed verdict. We review de novo a trial court's decision on a motion for a directed verdict. *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 446; 844 NW2d 727 (2013). "A motion for a directed verdict challenges the sufficiency of the evidence." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 550; 965 NW2d 121 (2020). We must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Aroma Wines & Equip*, 303 Mich App at 446. "A directed verdict is only appropriate when,

viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Barnes*, 334 Mich App at 550 (quotation marks and citation omitted). "Whether the relation-back doctrine is applicable is a question of law that this Court reviews de novo." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 740-741; 832 NW2d 401 (2013). When properly preserved, we review de novo the legal question whether a party has standing. *In re Knight*, 333 Mich App 681, 686-687; 963 NW2d 676 (2020).

### 1. MCL 500.3145

Home-Owners first argues that the trial court erred by denying its motion for a directed verdict because the relation-back doctrine did not apply to Home-Owners' May 3, 2019 substitution for Auto-Owners and, therefore, AdvisaCare could not recover PIP benefits for attendant care services rendered before May 3, 2018. Because AdvisaCare's last services were rendered before May 3, 2018, Home-Owners argues that AdvisaCare's entire recovery was barred by the one-year-back rule.

Home-Owners is correct that its substitution for Auto-Owners did not relate back to May 11, 2018, the date that AdvisaCare filed its complaint against Auto-Owners. "An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." MCR 2.118(D). However, an amendment that adds a new party does not relate back to the original pleading. *Miller v Chapman Contracting*, 477 Mich 102, 106-108; 730 NW2d 462 (2007). Although Home-Owners and Auto-Owners have the same parent company, are in the same general business, and share the same resident agent, licensing address, and attorney, they are different corporate entities. Absent an abuse of corporate form, and AdvisaCare has alleged none, the separate corporate identities must be respected. See *Seasword v Hilti, Inc*, 449 Mich 542, 547-548; 537 NW2d 221 (1995). Accordingly, the substitution of Home-Owners added a "wholly new and different party" to the case, and the relation-back doctrine did not apply.

However, the fact that the relation-back doctrine did not apply was not dispositive. MCL 500.3145(2) states that a claimant for PIP benefits "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."[1] When a healthcare provider seeks to recover PIP benefits under an assignment theory, as did AdvisaCare, the pertinent point of reference for the one-year-back rule is the date of the assignment, for that is when the healthcare provider was first able to sue in place of the care recipient. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 204; 920 NW2d 148 (2018). Therefore, the pertinent point of reference for application of the one-year-back rule was not Home-Owners' substitution for Auto-Owners, but was instead the date of the assignment to Home-Owners. Accordingly, the trial court did not err by rejecting Home-Owners' argument that the

---

[1] Although the no-fault act was substantially amended by 2019 PA 21, effective June 11, 2019, the amendments to the one-year-back rule are not relevant to the instant case.

one-year-back rule completely barred AdvisaCare's recovery and denying Home-Owners' motion for a directed verdict on this ground.

## 2. STANDING

Home-Owners next argues that the trial court erred by denying its motion for a directed verdict on the basis of AdvisaCare's lack of standing.

AdvisaCare filed its complaint nearly a year after the Court held in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), that healthcare providers did not possess a statutory cause of action against no-fault insurers for recovery of PIP benefits. The 2019 amendments to the no-fault act were in effect at the time of trial, but not when AdvisaCare filed its original complaint or when Home-Owners was substituted for Auto-Owners in May 2019. MCL 500.3112, as amended by 2019 PA 21, effective June 11, 2019, gave certain healthcare providers a direct cause of action against no-fault insurers. Statutes and statutory amendments are presumed to operate prospectively unless the Legislature clearly manifests its intent for retroactive application. See *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012); *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006). Neither AdvisaCare nor the trial court cited any authority or provided any analysis for the retroactive application of MCL 500.3112, as amended.

After *Covenant*, and before the 2019 amendments to the no-fault act, the only means by which providers could have standing to maintain a direct action for the recovery of no-fault benefits was through an assignment. See *Shah*, 324 Mich App at 204. It was undisputed that Sandra executed an assignment of her right to PIP benefits in favor of AdvisaCare on May 5, 2018. Although Home-Owners asserted in its affirmative defenses that Sandra's assignment "may not meet the standards of a valid assignment," Home-Owners abandoned this vague challenge to Sandra's affidavit by stating, during argument for a directed verdict, that it would "not necessarily" take issue with the language in the assignment. Given that the record shows that Home-Owners acknowledged Sandra's assignment and abandoned its challenge to the assignment's validity, the trial court did not err by not directing a verdict in favor of Home-Owners on AdvisaCare's claim for PIP benefits due for services rendered to Sandra.

With respect to Carol, Home-Owners contended that there was no record evidence of an assignment executed by Carol at the time of trial and that it had raised the absence of an assignment for Carol in its affirmative defenses. Home-Owners is correct. AdvisaCare did not attach Carol's assignment to its complaint, did not elicit testimony establishing that Carol had executed an assignment, and did not offer the assignment into evidence before or during trial. When the trial court ruled on Home-Owners' motion for a directed verdict, there was no record evidence of the assignment that would have provided AdvisaCare with standing to maintain a direct cause of action for PIP benefits for services rendered to Carol. See *id*. Therefore, the trial court erred by not directing a verdict on AdvisaCare's complaint with respect to its claims for no-fault benefits for service provided to Carol.

B. GREAT WEIGHT OF THE EVIDENCE

Home-Owners next contends that the trial court erred by denying its post-trial motion for a new trial on the basis that the jury's verdict awarding AdvisaCare over $149,000 in PIP benefits was against the great weight of the evidence. Given our conclusion above about AdvisaCare's inability to pursue benefits for Carol's care, this issue pertains only to Sandra.

This Court usually reviews for an abuse of discretion the trial court's decision to grant or deny a new trial on the ground that the verdict was against the great weight of the evidence. See *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). However, the trial court did not make any findings for this Court to review. Rather, the court treated Home-Owners' post-trial motion as a motion for reconsideration and declined to address its merits. Nevertheless, our review of the record does not compel the conclusion that the overwhelming weight of the evidence favored Home-Owners.

PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). This provision imposes four requirements that must be met before a claimant may recover PIP benefits for allowable expenses: "(1) the expense must be for an injured person's care, recovery, or rehabilitation, (2) the expense must be reasonably necessary, (3) the expense must be incurred, and (4) the charge must be reasonable." *Douglas v Allstate Ins Co*, 492 Mich 241, 259; 821 NW2d 472 (2012). Home-Owners argues solely that, because evidence of the attendant care provided and the costs actually incurred was insufficient, the great weight of the evidence did not support the jury's award to AdvisaCare of all the damages that it sought.

To establish the amount of charges that the Schulzes incurred, AdvisaCare introduced a rate letter, and numerous accounting statements and other documents. The accounting statements listed the weekly invoices, the total billed each week for attendant care services, the amounts paid, and the remaining balance. AdvisaCare also presented a sample invoice for the week ending on January 8, 2017. The invoice showed the dates of care; the time the care was provided; the general description of the service provided, e.g., "HHA/CNA Hourly" or "mileage expenses"; the name of the caregiver; the amount of time spent or miles driven; the rate of pay or reimbursement; and the total amount charged. A witness testified that AdvisaCare sent similar invoices and attached care notes to Home-Owners on a regular basis throughout 2017. A Home-Owners witness also testified that she received AdvisaCare's invoices and care notes for services provided to Sandra throughout 2017. There is no record evidence that Home-Owners ever challenged the accuracy of the accounting statements or the invoices on which they were based. Although a close call, the testimony of these witnesses, if believed, and the documents introduced, allowed the jury to reasonably infer that AdvisaCare regularly submitted accounting statements to Home-Owners that were supported by invoices, care notes, and time sheets, and that the amounts listed on the accounting statements accurately reflected the charges that the Schulzes incurred for attendant care services. Home-Owners has not established that the evidence overwhelmingly weighed in its favor.

Home-Owners contends that the trial court's award to AdvisaCare of attorney fees and costs under both MCR 2.405 and MCL 500.3148(1) allowed an impermissible double recovery and, therefore, was an abuse of discretion. Home-Owners also argues that the trial court abused its discretion by not declining to award attorney fees under MCR 2.405 in the interest of justice, and that the trial court erred by awarding attorney fees under MCL 500.3148 because Home-Owners' refusal to pay attendant care services for Sandra was reasonable under the circumstances.

We review for an abuse of discretion a trial court's decision to award sanctions under MCR 2.405. See *Pitsch v Blandford*, 264 Mich App 28, 34; 690 NW2d 120 (2004), rev'd on other grounds 474 Mich 879 (2005). Whether the trial court properly awarded attorney fees under MCL 500.3148 is a mixed question of fact and law. *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). "What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Id*. We review the trial court's findings of fact for clear error and its interpretation and application of the no-fault provision de novo. *Id*. "A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

"[A]ttorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274-275; 884 NW2d 257 (2016) (quotation marks and citation omitted). MCL 500.3148(1) provides that an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for PIP benefits that are overdue, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. MCR 2.405(D)(1) provides that if an offer to stipulate to the entry of a judgment is rejected and the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

In *Rafferty v Markovitz*, 461 Mich 265, 272; 602 NW2d 367 (1999), the Court held that a plaintiff who has been fully compensated for reasonable attorney fees under a statute has no remaining "actual costs" for which to claim compensation under a court rule. Although *Rafferty* addressed attorney fees under the Civil Rights Act and mediation sanctions under MCR 2.403, the principle extends to prevent double recovery of attorney fees under both a statute and a court rule in the same action. The underlying rationale in *Rafferty* prohibits the duplication of attorney fee awards under separate legal authorities for the same services, which is what occurred here.

Although the trial court erred by allowing a double recovery, vacating the trial court's award of attorney fees and costs under MCL 500.3148(1) cures that error. The basis of the trial court's award under MCL 500.3148(1) was Home-Owners' delay in fully paying for the attendant

care services provided to Carol.[2]  Because AdvisaCare cannot recover for Carol's treatment, the award under MCL 500.3148(1) must be vacated.

The only question remaining is whether the trial court abused its discretion by not declining to award attorney fees under MCR 2.405 in the interest of justice.  We find no abuse of discretion.

MCR 2.405(D)(3) provides that "[t]he court may, in the interest of justice, refuse to award an attorney fee under this rule."  The interest-of-justice exception is to be applied only in unusual circumstances, such as cases involving legal issues of first impression or matters of public interest. *Luidens v 63rd Dist Court*, 219 Mich App 24, 35; 555 NW2d 709 (1996).  The interest-of-justice exception is not intended to apply merely because a case involves complex issues or a party reasonably believed that it could prevail.  Rather, it applies when unusual circumstances render an award of attorney fees unjust.  See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 390-391; 689 NW2d 145 (2004).

Home-Owners argues that the trial court should have declined to award attorney fees under MCR 2.405 because there were "significant legal issues of first impression, as well as unsettled law, with substantial damages at issue in this case."  Home-Owners' argument is unavailing. Critical issues in this case should have been resolved in accordance with *Shah*, which was decided shortly before AdvisaCare filed its complaint against Auto-Owners.  This holding was firmly established before Home-Owners was substituted for Auto-Owners in May 2019.  In short, *Shah* was available to Home-Owners as a basis to argue that AdvisaCare could not recover PIP benefits for costs incurred by the Schulzes before the dates of their assignments.  Home-Owners simply failed to make that argument.

## IV. CONCLUSION

We reverse the trial court's denial of a directed verdict on the issue of AdvisaCare's standing to pursue PIP benefits for attendant care services provided to Carol, vacate the trial court's award of attorney fees under MCL 500.3148, and remand to the trial court, but affirm in all other respects.  On remand, the trial court should deduct from the verdict the amount of no-fault benefits awarded for services rendered to Carol and recalculate penalty interest.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[2] The trial court did not find unreasonable Home-Owners' decision not to pay for the attendant care services provided to Sandra.